UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin Kellom, *et al.*,

    Plaintiffs,

v.                                               Case No. 19-11622

United States of America,           Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

A young man named Terrance Kellom was shot and killed on April 27, 2015, when a United States Marshal Detroit Fugitive Apprehension Team was attempting to arrest him at his father's home in Detroit, Michigan. This is the second federal lawsuit that attorney Nabih Ayad has filed on behalf of the family members and Estate of Terrance Kellom that is based upon that shooting. While the original complaint included the Estate as a plaintiff in this second case, Plaintiffs' Counsel filed an amended complaint that dropped the Estate as a plaintiff. Thus, the only remaining Plaintiffs are various family members who assert Federal Tort Act Claims against the United States, in their individual capacities. The United States filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) but it references and relies on materials outside of the pleadings. As such, the Court is treating it as a summary judgment motion. The parties have fully briefed the issues and the Court concludes that a hearing is not necessary. Local Rule 7.1(f). For the reasons set forth below, the Court shall GRANT the motion and dismiss the claims in this case with prejudice.

1

**BACKGROUND**

Terrance Kellom was shot and killed on April 27, 2015, when a United States Marshal Detroit Fugitive Apprehension Team was attempting to arrest him at this father's home in Detroit, Michigan. At the time of the shooting, Terrance Kellom's father (Kevin Kellom) and sister (Teria Kellom) were present inside the home.

This is the second federal lawsuit that attorney Nabih Ayad has filed on behalf of the family members and Estate of Terrance Kellom that is based upon that shooting.

**Case Number 17-11084 ("*Kellom I*")**

On April 6, 2017, Plaintiff Nelda Kellom, as Personal Representative of the Estate of Terrance Kellom, Deceased ("the Estate"), filed the first federal case, Case Number 17-11084.

The Estate's original complaint named the following Defendants: 1) Immigration and Customs Enforcement Agent Mitchell Quinn; 2) Detroit Police Officer Darell Fitzgerald; and 3) Detroit Police Officer Treva Eaton. The Estate's original complaint included the following four counts: 1) "*Bivens* Claim" (Count I); 2) "42 U.S.C. § 1983 – Excessive Force and/or Unlawful Use of Deadly Force" (Count II); 3) "§ 1983 Conspiracy by Defendants" (Count III); and 4) "Wrongful Death [under] Michigan Wrongful Death Act, Mich. Comp. Laws § 600.2922 *et seq*," (Count IV). The Estate's original complaint acknowledged Defendant Quinn's federal employment and his participation in a federal task force during the incident. (*See* Compl. at ¶ 11) ("Defendant Mitchell Quinn is, and at all relevant times herein was, a federal law enforcement agent employed by Immigration and Customs Enforcement, a federal agency organized and existing under the laws of the United States. Defendant Quinn was at all relevant times herein a member of the Detroit Fugitive Apprehension Team who shot and killed Terrance.

2

Defendant Quinn acted . . . within the course and scope of his employment, and under color of federal law.").

The Estate did not submit an administrative claim to the Department of Homeland Security before filing Case Number 17-11084 on April 6, 2017.

On April 25, 2017, acting through its counsel, the Estate submitted an administrative tort claim to the Department of Homeland Security. (ECF No. 7-4).

On June 30, 2017, the Estate filed a motion seeking to extend the summonses in *Kellom I*. Thereafter, the Defendants were served with the summons and complaint.

The Department of Homeland Security denied the Estate's administrative claim in a letter mailed on February 1, 2018. (ECF No. 7-6). That letter expressly advised that, if the Estate disagreed with the denial, it could file suit in federal court "not later than sixth months after the date of mailing of this notification of denial. 28 U.S.C. § 2401(b)." (*Id.*).[1]

In a detailed e-mail sent to the Estate's Counsel on February 21, 2018, Counsel for the United States explained that the Estate's FTCA claim that had been asserted in *Kellom I* was premature, lacked jurisdiction, and that the Estate's FTCA claim could only be saved by filing a timely *new lawsuit* on behalf of the Estate:

> Nabih:
>
> In *Kellom v. Quinn et al.*, it was good to meet you yesterday. As we discussed, there is a path to properly pleading a tort claim against the United States, now that you have received a dismissal of the administrative claim.
>
> The current complaint, however, was obviously filed before that denial. Amending this complaint to include a tort claim against the proper defendant, the

---

[1] That means that the Estate would have to file suit no later than August 1, 2018.

> United States, would still be jurisdictionally defective. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (6th Cir. 1999) (generally, a "complaint cannot be cured through amendment, but instead, [a] plaintiff must file a new suit.") (internal quotations and citation omitted); *Van Horn v. Walton*, Case No. 12-11880; 2013 WL 119252, *2 (E.D. Mich. Jan. 9, 2013) (rejecting as futile an effort to cure jurisdictional defect in a prematurely filed complaint through amendment); *see also McNeil v. United States*, 508 U.S. 106, 111-12, 113 (1998) (affirming dismissal of suit filed before exhaustion of administrative remedies).
>
> If, however, you filed a new, additional complaint with a tort claim under the FTCA against the United States, that hurdle would not be present. Assuming you filed a second complaint, you would note the current complaint on the civil cover sheet. Then we could provide a joint proposal to consolidate the second complaint with the first complaint. That way, all of the claims would travel together, with no inconvenience to the Court.
>
> Also, the first complaint would remain pending, with no effect on your existing claims under *Bivens* against Agent Mitchell Quinn. We would suggest, however, that you voluntarily dismiss the tort claim against him (though only that claim), since your second complaint would include a proper FTCA claim against the United States. That would resolve at least one issue in the pending dismissal motion.
>
> So, my proposal is as follows:
> 1. Plaintiff files a second complaint under the FTCA against the United States, noting the first complaint on the civil cover sheet.
> 2. After the second complaint is filed, we submit a proposed order to consolidate the second case with the first case (proposal attached). . . .
> . . . .
> Please let me know if you have any questions or concerns . . .

(ECF No. 7-7)

After receiving that February 21, 2018 email, however, the Estate's Counsel did not file a new lawsuit in order to assert the Estate's then-exhausted FTCA claims.

On May 4, 2018, Plaintiff's Counsel filed a First Amended Complaint in *Kellom I*, adding named parties and claims. In addition to the Estate, seven of the Decedent's family members asserted claims in Plaintiffs' First Amended Complaint in their individual capacity (Nelda Kellom, Kevin Kellom, Teria Kellom, Lawanda Kellom, Terrell Kellom, and Janay

4

Williams, on behalf of Terrance Kellom's two minor children). The Court will refer to these parties, collectively, as the "Non-Estate Plaintiffs." The First Amended Complaint included the following eight counts: 1) a *Bivens* excessive force claim (Count I); 2) a § 1983 excessive force claim (Count II); 3) a § 1985 conspiracy claim (Count III); 4) a *Bivens* conspiracy claim (Count IV); 5) a wrongful death claim under Michigan law (Count V); 6) a claim for intentional infliction of emotional distress under Michigan law (Count VI); 7) a *Steagald* claim (Count VII); and 8) a § 1983 *Monell* liability claim (Count VIII).

Less than two weeks later, on May 16, 2018, the United States filed a Motion to Dismiss asserting, among other things, that the FTCA claims asserted by the Non-Estate Plaintiffs must be dismissed because they failed to present their claims to the agency before filing suit in *Kellom I*. (ECF No. 35). After that motion was filed, Plaintiffs' Counsel did not submit an administrative claim to the Department of Homeland Security on behalf of the Non-Estate Plaintiffs.

A number of claims were dismissed in connection with motions to dismiss filed by the various Defendants. (ECF No. 52). Among other things, this Court's August 29, 2018 Opinion & Order dismissed the FTCA claims of the Non-Estate Plaintiffs for failure to exhaust. (*Id*. at PageID.566) (The "Court concludes that all Non-Estate Plaintiffs failed to exhaust their administrative remedies prior to filing the First Amended Complaint. Thus, as Plaintiffs' Counsel acknowledged at the hearing, Count V & VI must be dismissed as to the Non-Estate Plaintiffs for failure to exhaust administrative remedies.").

On October 3, 2018 – nearly five months after the Government filed its motion noting the failure to exhaust – administrative tort claims were submitted to the Department of Homeland

Security on behalf of the Non-Estate Plaintiffs. (ECF No. 7-8). The Agency ultimately denied the claims of the Non-Estate Plaintiffs on February 1, 2019. (ECF No. 7-5).

Meanwhile, *Kellom I* proceeded with the claims and Defendants that remained. Following the close of discovery, Defendants filed summary judgment motions as to the remaining claims.

In an Opinion and Order issued on May 21, 2019, this Court denied Defendant Mitchell Quinn's request for summary judgment as to the Estate's excessive force claim. As to all remaining claims, this Court granted summary judgment in favor of Defendants.

This Court's May 21, 2019 Opinion and Order did not dispose of all claims in *Kellom I* and no judgment was issued. Nevertheless, on May 31, 2019, Plaintiffs' Counsel filed a "Notice of Appeal of Dismissal of FTCA Claims" in *Kellom I.*

A district court may ignore a notice of appeal from a plainly nonappealable order. *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981). As such, this Court continued to hear and rule upon motions in *Kellom I* that were filed after Plaintiffs filed that Notice of Appeal.

The remaining claim against Defendant Quinn proceeded to a jury trial beginning on October 22, 2019. On November 4, 2019, the jury returned a verdict on Plaintiff's excessive force claim against Defendant Quinn, finding no cause of action. A Judgment was issued in *Kellom I* on November 5, 2019.

**Case Number 19-11622 ("*Kellom II*")**

On June 2, 2019, this second action, asserted against the United States as the sole Defendant, was filed by Mr. Ayad. The original complaint was filed on behalf of the following plaintiffs: 1) Nelda Kellom, individually *and as Personal Representative of Terrance Kellom*; 2)

6

Kevin Kellom; 3) Teria Kellom; 4) Lawanda Kellom; 5) Terrell Kellom; and 6) Janay Williams, as Personal Representative of Terrance Kellom's two minor children. It included the following two counts, that were asserted by *all* named Plaintiffs: 1) "Wrongful Death" under Mich. Comp. Laws § 600.2922 *et seq*. (Count I); and 2) "Intentional Infliction of Emotional Distress" (Count II). Thus, the original complaint in *Kellom II* was filed on behalf of the Estate and the Non-Estate Plaintiffs.

On August 27, 2019, the parties agreed to a Stipulated Order to allow Plaintiffs to file a First Amended Complaint in *Kellom II*. (ECF No. 5).

On August 28, 2019, Plaintiffs filed a First Amended Complaint in this case that: 1) removed the Estate as a party, leaving only the Non-Estate Plaintiffs; and 2) asserts the Intentional Infliction of Emotional Distress claim only on behalf of Kevin Kellom and Teria Kellom (the two family members who were present in the house on the date of the shooting).

On September 4, 2019, the United States filed a Motion to Dismiss the First Amended Complaint.

**STANDARD OF REVIEW**

Although the pending motion was filed as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), one or more of the parties presented matters outside of the pleadings. In an order issued on November 20, 2019, this Court advised the parties that, pursuant to Fed. R. Civ. P. 12(d), it intended to consider matters outside the pleadings and treat the motion as "one for summary judgment under Rule 56." As such, this Court gave both parties the opportunity to present any additional matters outside of the pleadings, by December 11, 2019. (*See* ECF No. 12). Neither party submitted any additional materials.

Summary judgment is proper where the record shows that there is no genuine dispute as

7

to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has done so, the non-moving party must point to evidence supporting its position that is "significantly probative." *Liberty Lobby*, 477 U.S. at 249. The mere existence of a "scintilla of evidence" in support of the plaintiff's position is insufficient to defeat a motion for summary judgment. *Id.*

## ANALYSIS

**I.     The Non-Estate Plaintiffs' FTCA Claims Are Barred By The Statute Of Limitations.**

"Although sovereign immunity generally shields the government from suit," the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, "waives that immunity for certain tort claims." *Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017). More specifically, the FTCA "allows a plaintiff to sue the federal government for personal injury or property damage 'caused by the negligent or wrongful act or omission' of governmental employees acting within the scope of their employment." *Id.* (citation omitted). "But in order to benefit from the FTCA's waiver, a plaintiff must comply with two limitations periods:"

> First, he must present an administrative claim "in writing to the appropriate Federal agency within two years after such a claim accrues." 28 U.S.C. § 2401(b). Second, he must bring the FTCA claim "within six months after the date of the mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* If he fails to meet either of these time constraints, his "tort claim against the United States shall be forever barred." *Id.*

8

*Zappone*, 870 F.3d at 555; 28 U.S.C. § 2401(b); *see also Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).

A plaintiff's FTCA claim generally accrues at the time of the injury. *Hertz v. United States*, 531 F.3d 359, 362 (6th Cir. 2008). And once a claim accrues, "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *United States v. Kubrick*, 444 U.S. 111, 113 (1979).

For purposes of 28 U.S.C. § 2401(b), a claim is "deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages . . ." 28 C.F.R. §14.2(a).

Here, the shooting at issue occurred on April 27, 2015. As such, the Non-Estate Plaintiffs' claims accrued on that date. That means that they had two years from April 27, 2015 – until April 27, 2017 – to file their administrative tort claims to the appropriate federal agency. It is undisputed that the Non-Estate Plaintiffs did not file any administrative claims by that date.[2]

---

[2]The burden is on the plaintiff to establish that an administrative claim was filed. *Kielwien v. United States*, 540 F.2d 676, 679 n.6 (4th Cir. 1976). The Amended Complaint in this case includes the legal conclusion that Plaintiffs FTCA claim were "administratively exhausted." In terms of supporting factual allegations, however, it simply alleges that "All Plaintiffs have filed administrative claims with the appropriate government agency, the Department of Homeland Security," and "had their administrative claims administratively denied." (Am. Compl. at 4). It does not allege when the administrative claims were filed or when they were denied. In responding to the United States's motion, Plaintiffs' Counsel claims that "Plaintiffs each filed their administrative complaints with the appropriate agency, ICE, on September 29, 2018." (Pls.' Br. at 11). Plaintiffs do not, however, provide any evidence to support that assertion. The United States has submitted an affidavit from Sabrina Vasa, "an Associate Legal Advisor, District Court Litigation Division (DCLD), for the Office of the Principal Legal Advisor, Immigration and Customs Enforcement (ICE), Department of Homeland Security," and she states that her agency received claims on behalf of Plaintiffs "on or about October 3, 2018." (ECF No. 7-5). Regardless of whether administrative claims filed on

9

Thus, they did not file administrative claims in compliance with § 2401(b).

Accordingly, the Non-Estate Plaintiffs' FTCA claims must be dismissed as time-barred unless either statutory or equitable tolling apply to save them

**A.      The Non-Estate Plaintiffs Are Not Entitled To Equitable Tolling.**

"In general, equitable tolling is available 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Zappone*, 870 F.3d at 556 (citations omitted); *see also Lozano v. Montoya Alvarez*, 572 U.S. 1 (2014) ("[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.").

As the parties both acknowledge, the Sixth Circuit has considered the following five factors in evaluating whether to apply equitable tolling to a late claim: 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive notice of the filing requirement; 3) the plaintiff's diligence in pursuing his or her rights; 4) whether there would be an absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Zappone,* 870 F.3d at 556. That said, a litigant's failure to meet a legally-mandated deadline due to "unavoidable circumstances beyond the litigant's control," is often the most significant consideration. *Zappone*, 870 F.3d at 556.

"Although 'equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable

---

behalf of Plaintiffs were filed on September 29, 2018, or October 3, 2018, they were not filed within two years of the shooting.

10

neglect.'" *Id.* (citation omitted.).

The Non-Estate Plaintiffs, as the parties seeking equitable tolling, have the burden of establishing their entitlement to it. *Id.* They have failed to meet that burden here.

The Supreme Court has explained that, "given the clarity of the statutory text," the FTCA's filing requirements are "certainly not a 'trap for the unwary.'" *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Court further explained that while there may be "cases in which a litigant proceeding without counsel may make a fatal procedural error," the "risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *Id.* Here, the Non-Estate Plaintiffs proceeded through counsel in both this case and in *Kellom I*.

The first factor is the plaintiff's lack of actual notice of the filing requirement, the second factor is the plaintiff's lack of constructive knowledge of the filing requirement, and the fifth factor is the plaintiff's reasonableness in remaining ignorant of the particular requirement. Notably, however, none of the those factors weigh in favor of equitable tolling here because the Non-Estate Plaintiffs are represented by counsel and "Plaintiffs do not claim a lack of notice or ignorance of the law," as to the FTCA filing requirements. (ECF No. 10 at Page.ID.270). That is, their Counsel does not deny that he was *actually aware* of the FTCA's straightforward exhaustion requirements.[3]

In addition, the third factor weighs against equitable tolling because the Non-Estate Plaintiffs and their chosen counsel were simply not diligent in pursuing the Non-Estate

---

[3]Rather, Plaintiffs' Counsel appears to argue that he was aware of the straightforward filing requirements, but chose to not follow them because he thought Plaintiffs' FTCA claims might be considered timely under the savings provision of 28 U.S.C. § 2679(5).

Plaintiffs' rights. As explained in the United States's brief:

> Here, plaintiffs have been far less diligent than the plaintiff in *Irwin* and are not entitled to equitable tolling. One of the non-estate plaintiffs, Kevin Kellom, was aware that federal officers were involved in executing the arrest warrant for Terrance Kellom on the day of the incident—April 27, 2015. (Ex. 1, Kellom Dep., at 98). The incident and subsequent investigation generated significant media attention, which culminated in the Wayne County Prosecutor making a public presentation that identified Agent Quinn as a federal agent participating in a federal task force. (Ex. 2, Wayne Cty. Press Release). Plaintiff Nelda Kellom had retained a licensed attorney within the FTCA's two-year statute of limitations and, as the Supreme Court has noted, "the risk that a lawyer will be unable to understand the [FTCA's administrative] exhaustion requirement is virtually nonexistent." *McNeil v. United States*, 508 U.S. 106, 113 (1993); (*See also Kellom I*, ECF No. 1, Compl.) (filed within 2 years of the incident). The same attorney representing the estate also represents all plaintiffs in this case. (*See* ECF No. 6).
>
> Nelda Kellom, as representative of the estate, filed a lawsuit in federal court within the FTCA's two-year statute of limitations, but the non-estate plaintiffs, including Nelda Kellom in her individual capacity, did not join that suit at that time. (*See Kellom I*, Compl., ECF No. 1) (filed April 6, 2017). Kevin Kellom, Nelda Kellom, and Teria Kellom were actively involved in every stage of the first federal lawsuit. (*See, e.g.*, *Kellom I*, Order on MSJ, ECF No. 112, PageID.2981) (noting Kevin and Teria Kellom's deposition in *Kellom* I). Nelda Kellom, in her representative capacity, also filed an administrative FTCA claim with the agency within the FTCA's two-year statute of limitations, but the non-estate plaintiffs and Nelda Kellom, in her individual capacity, chose not to file their own administrative tort claims at that time. (Ex. 8, Non-Estate Admin. Claims); (Ex. 4, Vasa Decl. ¶¶ 3–4).
>
> As demonstrated above, plaintiffs had significant motive and multiple opportunities to assert their claims within two years of the incident. If plaintiffs had made any effort to pursue their FTCA claims, they would have easily been able to meet the FTCA's statute of limitations. Instead, plaintiffs waited more than a year after the FTCA's statute of limitations expired to *begin* pursuing their FTCA claims and, even though they were represented by an attorney, they did not do so properly (by filing an administrative tort claim) until almost four years after the incident. Accordingly, because plaintiffs' failure to meet the FTCA's deadline is solely the result of their own lack of diligence, they are not entitled to equitable tolling. *See, e.g.*, *Hertz*, 560 F.3d at 619 ("The problem was simply that, for whatever reason, her then-counsel chose not to file the claim in the remaining 22 months of the period prescribed by Congress."); *Chomic*, 377 F.3d at 616 ("[T]he record is clear that Chomic had seventeen months as Personal Representative in which she could have investigated and filed a timely claim . . . a 'lack of diligence by a claimant acts to defeat his claim for equitable tolling.'"); *Zappone*, 870 F.3d

at 557 (refusing to toll the FTCA's six-month deadline because plaintiff "did not learn of the IRS's claim denials from their old (or new) attorneys . . . because a lawyer's mistake normally does not warrant equitable tolling."); *Jackson*, 751 F.3d at 720 (holding that the district court properly rejected equitably tolling based on "the fact that a full four months—rather than mere days or a week—had passed between the [FTCA's] six-month statutory deadline and the filing of Jackson's claim.").

(ECF No.7 at 10-12). Thus, there is ample reason to conclude that this factor, the most important factor, weighs against equitable tolling in this case.

Moreover, this is not a situation wherein the administrative claims were filed a few days past the statutory deadline. The Non-Estate Plaintiffs did not file their administrative claims with the agency until September or October of 2018 – *more than a year after the deadline for doing so. See Jackson v. United States*, 751 F.3d 712, 720 (6th Cir. 2014) (In affirming district court's denial of equitable tolling, noting that "district court's attention to the fact that a full four months – rather than mere days or a week – had passed between" the statutory deadline and the filing of the plaintiff's claim was "reasonable and not an abuse of discretion.").

Consideration of the fourth factor, prejudice, also weighs against equitable tolling based on the difficulty the United States would have in litigating a case wherein the Non-Estate Plaintiffs waited more than a full year after the FTCA statute of limitations expired to *begin* pursuing their FTCA claims. *Jackson*, 751 F.3d at 720.

Accordingly, the Non-Estate Plaintiffs are not entitled to equitable tolling in this case.

### B. The Non-Estate Plaintiffs Are Not Entitled To Statutory Tolling Under 28 U.S.C. § 2679.

In limited circumstances, a FTCA claim that is not filed with the appropriate administrative agency within the two-year limitations period is nonetheless considered timely

pursuant to 28 U.S.C. § 2679(d). That section provides:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(5).

Thus, § 2679(5), the FTCA's "savings provision," provides "that a plaintiff's claim will be considered timely if: (1) *he filed a civil action that contained his claim within two years of his claim's accrual*; and (2) he presented his claim to the appropriate federal agency within sixty days of his civil suit's dismissal." *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011) (emphasis added); *see also Watkins v. United States*, 854 F.3d 947, 948 (6th Cir. 2017) ("The applicable FTCA statute of limitations bars any such claim not presented in writing to the appropriate agency within two years of the claim's accrual. Under the savings clause, that time period can be extended as long as the plaintiff filed a civil suit concerning the underlying tort claim within two years of its accrual and presented that case to the appropriate federal agency within 60 days of the civil suit's dismissal."); *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016) (The "FTCA's 'savings provision' allows a plaintiff's claims to proceed as timely if she filed a civil action within two years of her claim's accrual and presented the complaint to the appropriate federal agency within 60 days of her claim's dismissal.").

The Non-Estate Plaintiffs did not file a civil action asserting their FTCA claims within

pursuant to 28 U.S.C. § 2679(d). That section provides:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(5).

Thus, § 2679(5), the FTCA's "savings provision," provides "that a plaintiff's claim will be considered timely if: (1) *he filed a civil action that contained his claim within two years of his claim's accrual*; and (2) he presented his claim to the appropriate federal agency within sixty days of his civil suit's dismissal." *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011) (emphasis added); *see also Watkins v. United States*, 854 F.3d 947, 948 (6th Cir. 2017) ("The applicable FTCA statute of limitations bars any such claim not presented in writing to the appropriate agency within two years of the claim's accrual. Under the savings clause, that time period can be extended as long as the plaintiff filed a civil suit concerning the underlying tort claim within two years of its accrual and presented that case to the appropriate federal agency within 60 days of the civil suit's dismissal."); *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016) (The "FTCA's 'savings provision' allows a plaintiff's claims to proceed as timely if she filed a civil action within two years of her claim's accrual and presented the complaint to the appropriate federal agency within 60 days of her claim's dismissal.").

The Non-Estate Plaintiffs did not file a civil action asserting their FTCA claims within

two years of the accrual date of April 27, 2015.

This case (*Kellom II*) contains FTCA claims that are asserted on behalf of the Non-Estate Plaintiffs, but it was not filed until 2019. As such, the complaint in this case does not aid them in terms of statutory tolling and the Non-Estate Plaintiffs do not assert otherwise.

Rather, the Non-Estate Plaintiffs contend that their FTCA claims should be considered having been brought on April 6, 2017, when the Estate filed suit against Defendant Quinn in *Kellom I*:

> Terrance Kellom was killed on April 27, 2015 and a lawsuit against US Immigrations and Customs Enforcement Agent Mitchell Quinn was filed on April 6, 2017 in clear compliance with the two-year deadline set forth in § 2401(b).

(ECF No. 10 at PageID.266).

As the United States notes, however, none of the Non-Estate Plaintiffs were named as plaintiffs when the Estate filed its complaint in *Kellom I* on April 6, 2017. The Non-Estate Plaintiffs did not assert any claims in *Kellom I* until May 4, 2018, when an Amended Complaint was filed that added them as plaintiffs in that case. (*See* ECF No. 32 in *Kellom I*). Thus, the Non-Estate Plaintiffs did not assert claims in *Kellom I* until after two-years of the accrual date of April 27, 2015.

Counsel asserts that, pursuant to Fed. R. Civ. P. 15(c)(1)(B), the Non-Estate Plaintiffs' claims in *Kellom I* should be considered to "relate back to" the April 6, 2017 complaint filed by the Estate alone in *Kellom I*. There are at least two problems with that argument.

First, the Sixth Circuit has rejected the argument that Rule 15 permits "relation back of an amendment adding otherwise untimely plaintiffs and their claims to a timely-filed complaint" as "untenable." *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 317-18 (6th Cir. 2010).

15

That is because: 1) "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*," and 2) "Rule 15(c)(1)(C) permitting relation back of an amendment changing a party or its name applies, by its plain language, to changes to *defendants*" – not plaintiffs. *Id*. (emphasis in original). Thus, Rule 15 does not allow untimely plaintiffs "to ride piggyback on the claims of timely plaintiffs." *Id.* 318.

Second, as the Government notes in its Reply Brief, "there was nothing in *Kellom I* to which [the Non-Estate] plaintiffs' FTCA claims could relate back," since this Court lacked subject matter jurisdiction over the original tort claim in *Kellom I,* filed prematurely by the Estate. (*See* ECF No. 11 at 4) (citing *Austin v. Trandell*, 207 F.Supp.2d 616, 624 (E.D. Mich. 2002) ("it is axiomatic that in order for the doctrine of relation back to apply, the prior pleadings must be properly filed and the court must have jurisdiction over the claim at the time fo the prior pleadings.").

Accordingly, the Non-Estate Plaintiffs are not entitled to statutory tolling and their FTCA claims are time-barred.

## II. Additional Challenges To Plaintiffs' Claims

The United States's motion also challenges the two counts asserted against it on additional grounds. In light of the Court's above rulings, it need not address either of these other challenges. The Court will, however, address the first[4] additional argument, because it provides

---

[4] In light of the status of intentional-infliction-of-emotional-distress claims under Michigan law (ie., never having been formally recognized by the Michigan Supreme Court but yet being allowed to proceed under Michigan law in both state and federal courts), the Court declines to address the second additional ground.

16

another independent basis for dismissing the claims under Michigan's Wrongful Death Act.

Under the Federal Tort Claims Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." *Brown v. United States*, 583 F.3d 916, 919 (6th Cir. 2009) (quoting 28 U.S.C. § 2674). "Because the shooting occurred in Michigan, the law of that state" governs the Estate's claims under the Federal Tort Claims Act. *Guerra Morales v. United States*, 416 F.3d 458, 462 (6th Cir. 2005).

### A. Michigan's Wrongful Death Act Precludes The Current Plaintiffs From Asserting A Wrongful Death Claim Because The Estate Is The Only Proper Plaintiff For Such A Claim.

The United States asserts that even if the Non-Estate Plaintiffs' claims were not time-barred, their wrongful death claims would nevertheless fail under Michigan law because the Estate is the only proper party for such a claim and the Estate is not a plaintiff in this case.

In Michigan, there is no common-law right to recover damages for a wrongfully caused death. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006). However, Michigan does have a wrongful death statute. Mich. Comp. Laws § 2921 provides that "[a]ll actions and claim survive death," but provides that "[a]ctions on claims for injuries which result in death shall not be prosecuted after the death of the injured person *except* pursuant to the next section," which is Mich. Comp. Laws § 600.2922, Michigan's wrongful death statute. (emphasis added). Thus, Michigan's legislative scheme requires that suits for tortious conduct resulting in death be "filtered through" the wrongful death act. *Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004). The cause of action recognized in Michigan's wrongful death statute is a "'derivative one whereby the *personal representative* of the deceased stands in the latter's shoes.'" *Chomic*, 377 F.3d at 611 (quoting *Xu v. Gay*, 257 Mich. App. 263 (2003)) (emphasis added).

17

The United States is correct that the individual Plaintiffs (the Non-Estate Plaintiffs) cannot assert a claim under Michigan's Wrongful Death Act. That is because Michigan's Wrongful Death Act expressly provides that "[e]very action under this sections shall be brought by, and in the name of, the personal representative of the estate of the deceased." Mich. Comp. Laws § 600.2922(2). Michigan courts, and federal courts applying Michigan law, have recognized that language as mandatory. *See, eg., Smith v. Henry Ford Hosp.*, 219 Mich. App. 555, 557-58 (1996) ("The requirement of this section that a wrongful death action be brought by the personal representative of the deceased is mandatory.");*O'Dowd v. General Motors Corp.*, 419 Mich. 597, 605 n.20 (1984) ("The wrongful death act requires that the action be brought by the personal representative of the deceased person."); *Hebert v. Cole*, 115 Mich. App. 452 (1982); *White v. FCA US, LLC*, 350 F.Supp.3d 640, 643 (E.D. Mich., J. Lawson 2018); *Lanier v. Spectrum Human Svs.*, 2012 WL 4867734 (E.D. Mich., J. Duggan 2012). That means that the individuals who remain as plaintiffs in this case cannot assert wrongful death claims.

In response to the United States's motion, as to this ground for relief, Plaintiffs' Counsel asserts that the "spirit of" Michigan's Wrongful Death Act and "equity and fairness demand" that the Non-Estate Plaintiffs be allowed to bring wrongful death claims in this case. (Pls.' Br. at 18-22). Plaintiffs' Counsel also makes references to filing another amended complaint in this case, to "re-bring" claims with "Nelda Kellom as both an individual plaintiff and as executor of the estate." (*Id*. at 19).

As the United States notes in its Reply Brief, however, Plaintiffs' Counsel has not a filed a motion seeking leave to file a second amended complaint in this case. And in an Opinion and Order issued by this Court in *Kellom I*, this Court *expressly advised* Plaintiffs' Counsel that

18

requests or references to amendments made in the body of a brief are not permitted as a substitute for a motion to amend:

> Plaintiffs' brief states that they "did not intend to switch their § 1983 Claim into a § 1985(3) claim, and apologize profusely . . . for the error. Plaintiffs' ask that they be allowed to correct the error and will take the necessary actions right away." (D.E. No. 43 at Pg ID 458). Nevertheless, Plaintiffs have not filed a motion seeking leave to file a second amended complaint, in order to assert a conspiracy claim under § 1983. At this stage of the litigation, and with already having filed an amended complaint, and having gone through two rounds of motions to dismiss, Plaintiffs may only amend with the opposing parties' written consent or leave of court. *A request to amend in the body of a brief does not suffice. A formal motion to amend must be filed* and Local Rule 15.1 of the Local Rules for the Eastern District of Michigan provide that a "party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Plaintiffs' Counsel is no doubt aware of this procedure, as Counsel followed it in seeking leave to file Plaintiffs' First Amended Complaint (ie., filing a motion seeking leave to amend and attaching the proposed amended complaint).

(ECF No. 52 at PageID.582 in *Kellom I*) (emphasis added).

Even after Defendant's Reply Brief noted the failure to file a formal motion to amend, Plaintiffs' Counsel has not filed a motion seeking leave to file a second amended complaint in this case.

Moreover, even if Plaintiffs' Counsel sought leave to file an amended complaint in order to assert a wrongful death claim on behalf of Nelda Kellom as Personal Representative of the Estate, such a claim would appear to be futile because it would be barred by the applicable statute of limitations.

An administrative claim with the Department of Homeland Security was filed on behalf of Nelda Kellom as Personal Representative of the Estate on April 6, 2017 and that administrative claim was denied on February 1, 2018. Thus, the Personal Representative had six months from that date (until August 1, 2018) to file a FTCA claim asserting a wrongful death

claim on behalf of the Estate. But this case was not filed until June 2, 2019. Thus, any FTCA claims brought by Nelda Kellom as Personal Representative of the Estate in this case would be time-barred because they were filed more than six months after administrative denial of the Estate's claims.[5]

Accordingly, no claim under Michigan's Wrongful Death Statute can be asserted in this action.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss, that was converted into a summary judgment by this Court, is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: January 8, 2020

---

[5] In addition, given that the United States, during *Kellom I*, provided Counsel for the Estate with a detailed email (including legal authority) on how to properly assert timely FTCA claims on behalf of the Estate following the administrative denial of the Estate's claims, there would be no basis for equitable tolling.